FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 18 2008 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X

JERRELL MILLER,

    Petitioner,

  -against-

MICHAEL HOURIHANE, Warden,

    Respondent.
----------------------------------X

**MEMORANDUM AND ORDER**

08-CV-2646 (CBA)

AMON, United States District Judge:

*Pro se* petitioner Jerrell Miller, currently in custody at Rikers Island, files this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that his detention violates the Thirteenth Amendment of the Constitution of the United States. The Court grants petitioner's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a), but dismisses the petition for the reasons set forth below.

## BACKGROUND

Petitioner has previously filed a series of civil actions and petitions in this Court in regard to a prior conviction and parole revocation decision. In the instant Petition, petitioner challenges a recent arrest and resulting custody apparently unrelated to the prior incidents. The Petition was dated and notarized on February 9, 2008, but was not filed with the Court until June 27, 2008. Petitioner states that he was arrested without a warrant on November 26, 2007. Pet. ¶ 6. He does not give the details of the arrest, but alleges that he was arrested "allegedly committing the crimes of two counts of first degree attempted robberies" and other crimes. Id. He states that he was arraigned the following day in Kings County criminal court, and that on November 29, 2007

he was transported to Rikers Island detention center where he remained while awaiting his next court appearance on March 4, 2008. Pet. ¶¶ 7-8. Petitioner's next court appearance was scheduled for July 16, 2008. See New York State Unified Court System, Webcrims, Appearance Detail, available at http://iapps.courts.state.ny.us/webcrim.

Petitioner asserts that police officers' use of physical restraints and detention constitute "modern day bondage/involuntary servitude without a conviction of a crime" in violation of the Thirteenth Amendment. Pet. ¶¶ 9-10. He requests an evidentiary hearing in federal court. Pet. ¶ 18.

## DISCUSSION

The Thirteenth Amendment to the United States Constitution states that "neither slavery nor involuntary servitude, except as punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction." U.S. Const. Amend. XIII, § 1. None of petitioner's allegations suggest that he is subject to enslavement or involuntary servitude. However, the merits – or lack, thereof – of petitioner's claim are irrelevant, as this Court may not exercise jurisdiction over the petition.

Petitioner is currently subject to criminal court proceedings in the New York Sate Supreme Court, Kings County, under indictment number 11857-2007. Accordingly, this Court must abstain from reviewing his claims, pursuant to the United States Supreme Court's holding in Younger v. Harris. Under the Younger Abstention Doctrine, federal courts may not interfere with pending state court criminal prosecutions, absent some extraordinary circumstance such as bad faith prosecution, patently unconstitutional laws, or the lack of an adequate process in state court for protecting the rights of the accused. Younger v. Harris, 401 U.S. 37, 43-54 (1971). The

Second Circuit has held that "Younger abstention is appropriate when: 1) there is an ongoing state proceeding; 2) an important state interest is implicated; and 3) the plaintiff has an avenue open for review of constitutional claims in the state court." Hansel v. Springfield, 56 F.3d 391, 393 (2d Cir.), cert. denied, 516 U.S. 1012 (1995). Here, the criminal case against petitioner remains pending, New York has an important state interest in enforcing its criminal laws, and petitioner is free to raise his claim regarding involuntary servitude in the pending criminal proceedings. Petitioner has not alleged any facts that would bring his case within any exception for extraordinary circumstances. Accordingly, any claims arising from petitioner's custody pursuant to a pending criminal indictment, including his allegation of involuntary servitude, are dismissed.

## CONCLUSION

As this Court has no jurisdiction to review petitioner's claim under 28 U.S.C. § 2241 or any other provision of federal law while his criminal case is pending, the Petition is dismissed. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/Carol B. Amon

CAROL BAGLEY AMON
United States District Judge

Dated: July 17, 2008
Brooklyn, New York

3